UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff/Respondent,

-vs-                                                       Case No. 13-20950

                                                         HON. AVERN COHN

GREGORY MILTON,

    Defendant/Petitioner.
_____/

## ORDER DENYING DEFENDANT/PETITIONER'S MOTION FOR MODIFICATION OR REDUCTION OF SENTENCE UNDER 18 U.S.C. SECTION 3582(c)(2) (Doc. 52)

I.

This is a criminal case. In 2015, defendant/petitioner Gregory Milton plead guilty to possession with intent to distribute heroin. He was sentenced to 120 months, the mandatory minimum. Before the Court is Milton's motion seeking a reduction of his sentence under 18 U.S.C. § 3582(c)(2). For the reasons that follow, the motion is DENIED.

II.

Section 3582(c)[1] allows for the correction of the sentence if the defendant's

---

[1] 18 U.S.C. § 3582(c)(2) provides in relevant part:
(1) In General.-In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.
(2) Exclusions.-A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if-

sentence was based on a sentencing range which his subsequently lowered by the Sentencing Commission.  Milton does not argue his sentencing range was lowered by the Sentencing Commission.  Instead, Milton says that he has served half of his sentence, has completed several classes in prison, and wishes to be released to spend time with his children.  None of these arguments fall within the scope of relief available under section 3582(c).  Moreover, Milton's sentencing range was based on the mandatory minimum sentencing of 120 months; it was not based on any guideline calculation.  The Sentencing Commission cannot, and has not, altered a statutory mandatory minimum sentence.  See § 1B1.10 app. note 1(A) (noting that a reduction in sentence is not authorized under 18 U.S.C. § 3582(c) if, inter alia, defendant received a statutory mandatory minimum sentence).

    SO ORDERED.

                                        S/Avern Cohn
                                        AVERN COHN
                                        UNITED STATES DISTRICT JUDGE

Dated: 3/6/2019
      Detroit, Michigan

---

      (A) none of the amendments listed in subsection (c) is applicable to the defendant; or
      (B) an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range.