UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff/Respondent,

v.                                                       Case No. 13-20950

                                                          HON. AVERN COHN

GREGORY MILTON,

    Defendant/Petitioner.

_____/

## MEMORANDUM AND ORDER DENYING MOTION UNDER 28 U.S.C. § 2255 AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY

### I. Introduction

This is a criminal case. In 2015, defendant/petitioner Gregory Milton plead guilty to possession with intent to distribute heroin. He was sentenced to 120 months, the statutory mandatory minimum.

Before the Court is Milton's motion under 28 U.S.C. § 2255, contending that the government should not have filed a Notice of Penalty Enhancement under 21 U.S.C. § 851. The government contends that the motion is untimely, the claim is procedurally defaulted, and lacks merit. For the reasons that follow, the motion will be denied.[1]

---

[1] A prisoner who files a motion under § 2255 challenging a federal conviction is generally entitled to "a prompt hearing," at which the district court is to "determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255. However, a court may deny a motion under section 2255 "without conducting an evidentiary hearing [where] 'the motion and the files and records of the case conclusively show that [the petitioner] is entitled to no relief.' " Cole v. United States, No. 17-6061, 2018 WL 4372199, at *2 (6th Cir. Mar. 30, 2018) (quoting 28 U.S.C. § 2255(b) ). Because the record shows that Milton is not entitled to relief, a hearing is not necessary.

## II. Background

Milton has been twice convicted in this district. In 2001, Milton was charged with drug offenses and using a telephone in furtherance of drug trafficking. United States v. Milton, 00-CR-80173. Milton entered a plea agreement in which he agreed to plead guilty to one count of using a telephone in furtherance of drug trafficking in exchange for the dismissal of the other drug charges. The Court sentenced Milton to 38 months imprisonment, even though his guideline range which was 235 to 293 months, based in part of on a criminal history category VI.

In 2014, after serving his sentence, Milton distributed heroin to confidential source in 2014. He was then charged with one count of possession with intent to distribute. At sentencing, Milton argued that his sentencing guidelines were impacted by the Government's decision to file a penalty enhancement under 21 U.S.C. § 851. The government, in its sentencing memorandum, correctly noted that the Probation Department calculated the offense level as 34 with a criminal history category of VI resulting in a guidelines range of 262-327 months' imprisonment. The government also explained that the filing of the penalty enhancement only impacts the mandatory minimum sentence which the court was required to impose. See Doc. 48, Government's Sentencing Memorandum at PgID. 217. At the sentencing hearing, the Court upheld the guidelines scoring as determined by the Probation Department. Milton did not dispute the calculations. See Doc. 56, Sentencing Hearing Transcript at PgID. 262-63. Milton did not file a direct appeal. Instead, he filed the instant motion.

## III. Legal Standard

28 U.S.C. § 2255 provides:

A prisoner in custody under a sentence of a court established by Act of Congress

2

claiming the right to be released upon the ground that the sentence imposed was in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside, or correct the sentence.

28 U.S.C. § 2255(a). To prevail on a § 2255 motion, "a petitioner must demonstrate the existence of an error of constitutional magnitude which has a substantial and injurious effect or influence on the guilty plea or the jury's verdict." Humphress v. United States, 398 F.3d 855, 858 (6th Cir. 2005). A movant can prevail on a § 2255 motion alleging non-constitutional error only by establishing a "fundamental defect which inherently results in a complete miscarriage of justice, or an error so egregious that it amounts to a violation of due process." Watson v. United States, 165 F.3d 486, 488 (6th Cir. 1999).

As "[§] 2255 is not a substitute for a direct appeal," Regalado v. United States, 334 F.3d 520, 528 (6th Cir. 2003) (citing United States v. Frady, 456 U.S. 152, 167-68 (1982)), "a prisoner must clear a significantly higher hurdle than would exist on direct appeal" to merit collateral relief, Frady, 456 U.S. at 166. Though non-constitutional errors are generally outside the scope of § 2255 relief, see United States v. Cofield, 233 F.3d 405, 407 (6th Cir. 2000), a petitioner can prevail on a § 2255 motion alleging non-constitutional error "by establish[ing] a 'fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process,' " Watson, 165 F.3d at 488 (internal quotation marks omitted) (quoting United States v. Ferguson, 918 F.2d 627, 630 (6th Cir. 1990)). Accordingly, alleged sentencing errors, including the proper application of the guidelines, "does not warrant collateral relief under § 2255 absent a complete miscarriage of justice." Jones, 178 F.3d at 796.

3

## IV. Analysis

### A. Statute of Limitations

The government says the motion should be denied as untimely. The Court agrees. Motions to vacate sentences are required to be filed within one year from the latest of:

> (1)The date on which the judgment of conviction becomes final;
> (2)The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such a government action;
> (3)The date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4)The date on which the facts supporting the claim or claims presented could have not been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Here, because Milton did not filed a direct appeal, his conviction became final 14 days after the entry of his judgment. Sanchez-Castellano v. United States, 358 F.3d 424, 428 (6th Cir. 2004). The judgment was issued on February 12, 2015. Milton did not sign and file his § 2255 motion until October 25, 2018, over three years after his conviction became final. Thus, his claim is barred by the one year statute of limitations. Moreover, Milton has not argued that the motion should be equitably tolled, see Holland v. Florida, 560 U.S. 631, 645 (2010), or that he is actually innocent so as to equitably toll the one-year statute of limitations, see Bousley v. United States, 523 U.S. 614, 623 (1998). As such, the motion is untimely.

### B. Procedural Default

The government also argues that Milton's claim is procedurally defaulted because he did not raise it on direct appeal. Claims not raised on direct appeal are

4

procedurally defaulted and may not be raised on collateral review unless the petitioner shows either (1) good "cause" excusing his procedural default and "actual prejudice" resulting from the error of which he complains, or (2) "actual innocence." Johnson v. Lee, 136 S. Ct. 1802, 1805 (2016); Massaro v. United States, 538 U.S. 500, 504 (2003). Milton has not explained a failure to present his claim about the government's decision to file a sentencing enhancement. As such, Milton's claim is also procedurally defaulted.

C.  Merits

Finally, the government says that procedural hurdles aside, Milton's claim fails on the merits. Milton takes issue with the government's decision to file a notice of penalty enhancement, referring to "the Holder Memorandum." As explained in the government's response, the purpose of the Holder Memorandum was to highlight the need to exercise prosecutorial discretion in charging defendants and "refine [the department's] charging policy regarding mandatory minimums for certain nonviolent, low-level offenders." The Holder Memorandum did not eliminate the statutory penalty enhancement authorized by Congress.

While Milton may disagree with the government's decision to file the 851 enhancement, both the Supreme Court and the Sixth Circuit have observed that Congress properly delegated the discretion to file an 851 enhancement to the executive branch. The Supreme Court noted that the prosecutor's decision to file an 851 enhancement is similar to the decision the executive branch's power to decide whether or not to bring criminal charges. See United States v. LaBonte, 520 U.S. 751, 762 (1997). Further, the Sixth Circuit has said that Congress acted within its authority in delegation to the prosecutor the determination of whether to file an 851 enhancement.

5

United States v. Crayton, 357 F.3d 560, 572 (2004).  Both decisions preclude the Court from questioning the government's decision to file an 851 enhancement.  In short, Milton is not entitled to relief.

V.  Conclusion

For the reasons stated above, the motion is DENIED.  Further, jurists of reason would not find the Court's ruling debatable.  Accordingly, the Court DENIES a certificate of appealability under 28 U.S.C. § 2253(c)(1)(a).[2]  See Slack v. McDaniel, 529 U.S. 473, 484-85 (2000).

SO ORDERED.

S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: 3/11/2019
       Detroit, Michigan

---

[2]"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.